IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANDREW MARTINEZ,

        Plaintiff,

vs.                                                       No. CV 19-01121 WJ/KK

NURSE LAURA,
ALISHA TAFOYA LUCERO-SEC.
NEW MEXICO DEPT. OF CORR.,
CENTURIAN CORRECTIONAL HEALTH CARE,
STEVEN H. WHEELER, M.D., PRESIDENT OF
CENTURIAN HEALTH CORP. HEALTH CARE,

        Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

**THIS MATTER** is before the Court on the Prisoner's Civil Rights Complaint filed by Plaintiff Andrew Martinez Jr. (Doc. 1). The Court dismisses all federal claims asserted by Plaintiff Martinez, declines to exercise supplemental jurisdiction over any state law claims, and grants Plaintiff leave to file an amended complaint within 30 days.

**I. Factual and Procedural Background**

Plaintiff Andrew Martinez Jr. filed his pro se Complaint on December 20, 2019. (Doc. 1). Martinez is a prisoner in the custody of the New Mexico Department of Corrections. At the time he filed his Complaint, Martinez was incarcerated at the Southern New Mexico Correctional Facility (Doc. 1 at 1) but has since been transferred to the Penitentiary of New Mexico in Santa Fe. (Doc. 6). His claims appear to arise from an incident occurring at the Central New Mexico Correctional Facility in Los Lunas. (Doc. 1 at 2).

In his Complaint, Martinez describes the nature of this action as:

"I Andrew Martinez a NM State inmate #72162 while being

1

> housed at the prison in Los Lunas was given the wrong medication by the Pill Nurse at Med time in my cell. I received a severe allergic reaction where I was given two shots in my hip and placed in medical seg. for approx 1 week. I could not breathe, my throat, arms, chest, body swelled with sores and welts as a result. I was in alot of pain and distress, this has caused me severe skin scaring on my arms, body on approx. 1-25-19 at 9:25 am"

(Doc. 1 at 2). For Claim I, Martinez alleges that "Nurse Laura violated my 8th Amendment when she negligently gave me the wrong medication." (Doc. 1 at 2). Plaintiff also contends in Claim II that "New Mexico Dept. of Corr. and Centurian Corr. health care, Nurse Laura showed a deliberate indifference in the wrongful administering of mediation to Plaintiff." (Doc. 1 at 3). Last, in Claim II, Plaintiff states "New Mex. Dept. of Corr. and Centurian Health Care as well Nurse Laura were negligent in the care provided to the plaintiff and a lack of follow up concern for plaintiff. (Doc. 1 at 4). Martinez seeks $90,000 jointly and severally from each of the Defendants, court costs, attorney fees, and filing fees. (Doc. 1 at 5).

## II. The Law Regarding Dismissal for Failure to State a Claim

Martinez is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed.R.Civ.P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed.R.Civ.P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th

Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).  *See also Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir.1991). The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

The Court liberally construes the factual allegations in reviewing a pro se complaint.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant.  *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the court is to consider whether to allow plaintiff an opportunity to amend the complaint.  Pro se plaintiffs should be given

a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### III. The Complaint Fails to State a § 1983 Claim

Plaintiff Martinez claims that his 8th Amendment rights under the U.S. Constitution have been violated. (Doc. 1 at 2-3). Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979); *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . .subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff

must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Robbins v. Oklahoma,* 519 F.3d at 1249-50.

**A. The Complaint Fails to State an 8th Amendment Claim for Deliberate Indifference to Serious Medical Needs:**

Martinez alleges § 1983 claims of cruel and unusual punishment through deliberate indifference in his medical care. (Doc. 1 at 2-4). The Eighth Amendment protects against the infliction of cruel and unusual punishments. U.S. Const. Amend. VIII. The Eighth Amendment's prohibition against cruel and unusual punishment encompasses deliberate indifference by prison officials. *Howard v. Waide*, 534 F.3d 1227, 1235 (10th Cir.2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976)). Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Deliberate indifference may be manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Estelle,* 429 U.S. at 104-05.

Determining the sufficiency of an Eighth Amendment claim for deliberate indifference involves a two-pronged inquiry, comprised of an objective component and a subjective

5

component. *Self v. Crum,* 439 F.3d 1227, 1230 (10th Cir. 2006). With respect to the objective component, a medical need is serious if it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Ramos v. Lamm,* 639 F.2d 559, 575 (10th Cir. 1980) (internal quotation and citation omitted). The question is not limited to whether the inmate's symptoms render a medical need sufficiently serious, but also extends to whether the potential harm to the inmate is sufficiently serious. *Mata v. Saiz,* 427 F.3d 745, 752 (10th Cir. 2005). For purposes of this Memorandum Opinion and Order, the Court assumes that the Complaint establishes the first prong that Martinez had a serious medical need.

Under the subjective component, the defendant must have a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Self*, 439 F.3d at 1230–31. In other words, the plaintiff must establish that the defendant "knew he faced a substantial risk of harm and disregarded that risk, by failing to take reasonable measures to abate it." *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir.1999) (internal citation and quotation omitted). With regard to the subjective component, the question for consideration by the Court is: "were the symptoms such that a prison employee knew the risk to the prisoner and chose (recklessly) to disregard it?" *Martinez v. Beggs*, 563 F.3d 1082, 1089 (10th Cir.2009) (quoting *Mata*, 427 F.3d at 753). An official responds to a known risk in an objectively unreasonable manner if he knew of ways to reduce the harm but knowingly or recklessly declined to act. Prison officials violate the Eighth Amendment when they are deliberately indifferent to the serious medical needs of prisoners in their custody. *Howard*, 534 F.3d at 1239–40.

However, prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm

ultimately was not averted. *Howard*, 534 F.3d at 1239 (quoting *Farmer*, 511 U.S. at 844–45). Accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition does not constitute a medical wrong under the Eighth Amendment. *See Estelle*, *supra*, 429 U.S. at 105-06. Moreover, a difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. *See, e. g., Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *Self v. Crum,* 439 F.3d at 1231; *Thompson v. Gibson,* 289 F.3d 1218, 1222 (10th Cir.2002). The record in this case fails to establish the second, subjective, component.

The allegations of the Complaint do not state a plausible claim that Defendants were deliberately indifferent to Martinez's medical needs. *Twombly,* 550 U.S. at 570. The alleged facts in this case do not show that Defendants both knew of his allergy to the medication and deliberately chose to disregard it. *Martinez v. Beggs*, 563 F.3d at 1089. To the contrary, a review of Plaintiff's Complaint shows that administration of the wrong medication was inadvertent or, at most, negligent, and that prison officials recognized Plaintiff's allergic reaction, administered shots, and placed him in medical monitoring.

> "Nurse Laura . . . ***negligently*** gave me the wrong medication that belonged to another inmate and then walked away without concern or care, also medical malpractice."  (Doc. 1 at 1) (emphasis added)
>
> "[I]f it not of been for female Sgt. Martinez taking the plaintiff to Medical for his serious reaction to taking medication he is allergic to Plaintiff may possibly of died or even suffered seizure or gone into a coma."  (Doc. 1 at 3).
>
> "I received a severe allergic reaction where I was given two shots in my hip and placed in Medical seg. for approx 1 week." (Doc. 1 at 2).
>
> "[A]fter I was admitted to Medical Seg for treatment and care all Nurse Laura said was why did you take the medication?" (Doc. 1 at 3).

7

Martinez's allegations tend to show that he was inadvertently or negligently given the wrong medication, that when he experienced an allergic reaction, a correctional officer immediately responded and took him to the medical department, and that the medical department administered shots to treat the allergic reaction and placed him in medical segregation for monitoring for a week. Nurse Laura's after-the-fact question as to why Plaintiff went ahead and took an unfamiliar medication does not demonstrate that Nurse Laura knew the risk to Plaintiff of an allergic reaction and chose recklessly to disregard that risk. *Martinez v. Beggs*, 563 F.3d at 1089.

Plaintiff's Complaint is insufficient to establish 8th Amendment deliberate indifference to serious medical needs. *Farmer v. Brennan*, 511 U.S. at 834. Rather than deliberate indifference to his medical needs, the allegations show that the prison and medical officials responded reasonably to the risk, even though the harm from the allergic reaction ultimately was not averted. *Howard*, 534 F.3d at 1239. Although an unfortunate mistake was made in giving Plaintiff the wrong medication, that mistake does not rise to the level of a Constitutional violation. The Complaint fails to state a § 1983 claim for violation of 8th Amendment rights.

**B. The Complaint Does Not State a Claim Against New Mexico Corrections Department or Secretary Tafoya Lucero:**

The Complaint also fails to state a claim against Defendants Alisha Tafoya Lucero and the New Mexico Department of Corrections. The Complaint does not allege any individual conduct by Secretary of Corrections Tafoya Lucero. Instead, the Complaint makes generalized claims that the New Mexico Department of Corrections showed deliberate indifference to Plaintiff's medical needs and was negligent. (Doc. 1 at 3-4).

The New Mexico Corrections Department is a state agency. As such, the claims against it are claims against the State of New Mexico, as are the claims against Secretary Alisha Tafoya Lucero in her official capacity. The State is not a "person" within the meaning of 42 U.S.C. §

8

1983 and, therefore, there is no remedy against the State under § 1983. Section 1983 is a "remedial vehicle for raising claims based on the violation of constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (quotation marks omitted). It does not abrogate the states' sovereign immunity and the states, their agencies, and their officials in official capacity, do not qualify as "persons" under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67, 71 (1989); *Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir. 2011) (unpublished). Therefore, the claims against the New Mexico Corrections Department and Secretary Alisha Tafoya Lucero will be dismissed. *Will v. Michigan Dep't of State Police,* 491 U.S. at 63-64.

      **C.  The Complaint Fails to State a Claim Against Centurian Correctional Health Care or Steven H. Wheeler, M.D.:**

Plaintiff names Centurian Correctional Health Care and Dr. Wheeler as Defendants.  (Doc. 1 at 1-2).  Where, as in this case, a corporate entity is performing the actions typically performed by a state or municipality, like operating a prison, that corporate entity can be sued under § 1983. *Richardson v. McKnight*, 521 U.S. 399, 413 (1997) (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982)) (leaving the determination of whether the employees of a private corporation acted under color of state law in violation of § 1983 to the district court); *Smith v. Cochran*, 339 F.3d 1205, 1215-16 (10th Cir. 2003) (citations omitted) ("[P]ersons to whom the state delegates its penological functions, which include the custody and supervision of prisoners, can be held liable for violations of the Eighth Amendment.").

However, to succeed in a § 1983 action against a corporate entity, the plaintiff must prove that the corporate employee or agent committed a constitutional violation and that the violation was a direct result of some policy or custom of the corporation. *Myers v. Oklahoma Cnty Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998); *Monell v. Dept. of Social Services of the City of New York,* 436 U.S. 658, 690-95 (1978); *City of Oklahoma City v. Tuttle*, 471 U.S. 808,

9

820 (1985); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (citations omitted) ("[C]aselaw from this and other circuits has extended the *Monell* doctrine to private § 1983 defendants."). As set out, above, the allegations of the Complaint are factually insufficient to show that Nurse Laura or any employee individually engaged in conduct that violated a constitutional right. Further, nowhere in his Complaint does Plaintiff Martinez contend that any policy or custom of Centurian was a direct cause or a moving force behind any violation of Martinez's civil rights. *Myers v. Oklahoma Cnty Bd. of Cnty. Comm'rs*, 151 F.3d at 1316. The Complaint does not state a claim for § 1983 relief against Defendant Centurian. *Monell*, 436 U.S. at 690-695.

Further, although the Complaint identifies Dr. Steven H. Wheeler as a Defendant, the Complaint makes no factual allegations, whatsoever, against him. (Doc. 1 at 2). Plaintiff does not plead that Dr. Wheeler, through his own individual actions, violated the Constitution. *Fogarty v. Gallegos,* 523 F.3d at 1162. The Complaint fails to state any claim for relief against Defendant Wheeler. *Ashcroft v. Iqbal,* 556 U.S. at 676.

### D.  Plaintiff's Grievance Allegations Do Not State a Claim:

Last, Plaintiff Martinez claims that "Plaintiff's Grievence was not followed through thus not allowing Plaintiff his due process and equal treatment under his 14th amendment right."  (Doc. 1 at 4).  To the extent Plaintiff may be trying to assert a constitutional claim based on the prison grievance system, the Complaint fails to state a 14th Amendment claim.

"There is no independent constitutional right to state administrative grievance procedures." *Boyd v. Werholtz*, 443 F. App'x. 331, 332 (10th Cir. 2011) (unpublished). For a state statute to create a "legitimate claim of entitlement" to a benefit and therefore an interest protected by due process, it must, "[s]tated simply," place "substantive limitations on official discretion." *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460, 462 (1989).  A viable due process claim cannot rest on

allegations of an unfair or inadequate grievance process. *See Von Hallcy v. Clements*, 519 F. App'x. 521, 524 (10th Cir. 2013) (unpublished) (rejecting prisoner's claim that prison director violated due process by providing him with an inadequate prisoner grievance reporting system); *Merryfield v. Jordan*, 431 F. App'x. 743, 749-50 (10th Cir. 2011) (unpublished) (affirming dismissal of claim that prison grievance policy was constitutionally inadequate because there is no constitutional right to certain grievance procedures); *Ciempa v. Ward*, 150 F. App'x. 905, 906-07, 909 (10th Cir. 2005) (unpublished) (finding no error in judge's dismissal of due process claim based on alleged ineffective prison grievance procedure). *Burnett v. Allbaugh*, 715 F. App'x 848, 852 (10th Cir. 2017).

Officials' handling of a prisoner's grievances does not, by itself, give rise to a constitutional violation. A prison officer's failure to adequately respond to a prisoner's grievance does not implicate a constitutional right. *See Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (official's failure to process inmates' grievances, without more, is not actionable under section 1983); *Greer v. DeRobertis,* 568 F.Supp. 1370, 1375 (N.D. Ill. 1983) (prison officials' failure to respond to grievance letter violates no constitutional or federal statutory right); see also *Shango v. Jurich,* 681 F.2d 1091 (7th Cir. 1982) (a prison grievance procedure does not require the procedural protections envisioned by the Fourteenth Amendment). Prison grievance procedures are a procedural right, only, and do not confer any substantive right upon an inmate. Grievance Procedures do no give rise to a protected liberty interest requiring the procedural protections of the fourteenth amendment. *Buckley,* 997 F.2d at 495 (quoting *Azeez v. DeRobertis*, 568 F.Supp. 8 (N.D. Ill. 1982)); see also *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir. 1988) (an inmate has no legitimate claim of entitlement to a grievance procedure).

11

The attachments to Plaintiff's Complaint show that prison officials received and responded to the grievances he submitted. (Doc. 1 at 7-13). The grievances were ultimately rejected as untimely. (Doc. 1 at 13). The fact that Plaintiff disagreed with the manner in which the grievances were handled by the prison is not sufficient to show any constitutional violation. *Buckley v. Barlow,* 997 F.2d at 495. The Complaint fails to state a § 1983 claim for relief based on alleged inadequate grievance procedures. *Id.*

## IV. Additional Pending Motion

Pending before the Court is Plaintiff's Motion for Summary Judgment. (Doc. 11). The Motion fails to meet the procedural requirements necessary to support a motion for summary judgment. Fed. R. Civ. P. 56(c). Further, the Court will deny Martinez's Motion as moot in light of the Court's dismissal of all federal claims in this case.

## V. The Court Declines to Exercise Supplemental Jurisdiction

Plaintiff Martinez does not expressly allege that he is proceeding on any state law claims. However, his Complaint contains references to "negligence" and "medical malpractice." (Doc. 1 at 2-3). To the extent Plaintiff may be trying to assert state-law negligence or malpractice claims, the Court declines to exercise supplemental jurisdiction over those claims.

Within the supplemental jurisdiction granted by 28 U.S.C. § 1367, a federal court has subject-matter jurisdiction over certain state-law claims. A district court's decision whether to exercise supplemental jurisdiction after dismissing all claims over which it has original jurisdiction is discretionary. *See* § 1367(c). Under § 1367(c), the district courts may decline to exercise supplemental jurisdiction over a claim if the district court has dismissed all claims over which it has original jurisdiction. *Osborn v. Haley*, 549 U.S. 225, 245 (2007); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, (2006).

The U.S. Supreme Court has stated that needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. *United Mine Workers of Amer. v. Gibbs*, 383 U.S. 715, 726 (1966). When all federal claims have been dismissed, a district court may, and usually should, decline to exercise jurisdiction over any remaining state claims. *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir.2011); *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir.1998); *Young v. City of Albuquerque,* 77 F. Supp. 3d 1154, 1185 (D.N.M. 2014).

This Court is dismissing all federal claims in this case. The Court declines to exercise supplemental jurisdiction over Plaintiff Martinez's remaining state-law claims, if any, and will also dismiss those claims.

### VI.  The Court Grants Leave to Amend the Complaint

Martinez's Complaint fails to state a sufficient claim for § 1983 relief under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). The Court will grant Martinez an opportunity to amend to remedy the defects in his pleading. *Hall v. Bellmon,* 935 F.2d at 1109. However, the Court cautions Martinez that any claim against an individual defendant must contain specific factual allegations identifying who each individual is, what that individual did, when they did it, and how that individual's actions deprived Martinez of a constitutional right. *Robbins v. Oklahoma,* 519 F.3d at 1249-50. Generalized and conclusory statements are not sufficient to state a claim for relief. *Twombly*, 550 U.S. at 555. If Martinez pursues any claims against an entity defendant, such as Centurian, then he must include allegations identifying a policy, regulation, or custom of Centurian that was a direct cause or a moving force behind any violation of Martinez's civil rights. *Myers v. Oklahoma Cnty Bd. of Cnty. Comm'rs*, 151 F.3d at 1316. Martinez may not reassert any claims against the New Mexico Department of Corrections and may not assert claims against Secretary

Tafoya Lucero unless he has factual allegations of individual conduct by Tafoya Lucero. If Martinez alleges a sufficient § 1983 claim, he may also allege any state law claims he believes he may have against any defendant.

The Court will Order Martinez to amend the Complaint to allege any claims he believes he may have consistent with the requirements of Fed.R.Civ.P. 11(b) and this Memorandum Opinion and Order. Martinez must file his amended complaint within 30 days of entry of this Memorandum Opinion and Order. Failure to file an amended complaint within that time may result in final dismissal of this action without further notice.

**IT IS ORDERED:**

(1) Plaintiff's Motion for Summary Judgment (Doc. 11) is **DENIED;**

(2) All federal claims asserted by Plaintiff Andrew Martinez Jr. in his Complaint (Doc. 1) are **DISMISSED** for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B);

(3) The Court declines to exercise supplemental jurisdiction and dismisses any state law claims.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE